UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIENNE GALLIEN, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-3860 |
| | § | |
| FEDERAL HOME LOAN CORPORATION | § | |
| (FREDDIE MAC), *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the Court is the defendant, Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for summary judgment (Docket Entry No. 28) in this removed case. The plaintiff, Adrienne Gallien, has failed to respond to Freddie Mac's motion and the time for doing so has long since passed. The Court has reviewed Freddie Mac's memorandum of authorities, the record, the undisputed facts and the applicable law, and determines that summary judgment is appropriate and should be granted.

**II.**

The plaintiff admits that she was the mortgagor on a note for a home located in Harris County, Texas where Washington Mutual Bank was the lender. It is apparent from the record that the plaintiff and her husband failed to timely pay the note obligation according to its terms. As a result, the trustee posted the property for foreclosure and, in fact, foreclosed on the property on or about June 6, 2006. Shortly after the foreclosure, the plaintiff and her husband commenced a suit against Washington Mutual and Freddie Mac in state court. That suit was removed to federal court the same year. In 2007, a Final Judgment was entered against the plaintiff and her

husband. That judgment was appealed to the Fifth Circuit Court of Appeals and the judgment was affirmed by that court in 2008.

Since that time, the plaintiff alone commenced a second suit in state court in 2011 asserting claims of conversion, fraudulently obtained writ of possession, unlawful seizure, and asportation. That suit, the case at bar, was removed to federal court in November of 2011. Between the two federal suits, a suit for forcible detainer was successfully commenced by Freddie Mac for possession of the property in 2006. It followed the trial and appellate routes through state courts until 2009, when the plaintiff's suit was dismissed.

### III.

Freddie Mac's motion for summary judgment seeks dismissal of the plaintiff's suit on several grounds. It argues that: (a) the plaintiff has not properly pled any cause of action against Freddie Mac; (b) the plaintiff's claims are barred by the doctrine of *res judicata* and limitations; (c) there is no evidence of conversion; (d) the plaintiff's request for funds from the registry of the court is improper; and (e) the plaintiff is not entitled to damages or attorney's fees.

### IV.

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).

When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). It may not, however, "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiff in this case has failed to file a response to Freddie Mac's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken

as a representation of no opposition." S.D. Tex L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, Freddie Mac, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

## V.

The Court need not address each of the plaintiff's claims for relief in order to resolve the dispute between the parties in its entirety. The Court is of the opinion that the plaintiff's suit is barred by the doctrine of claim preclusion, or *res judicata*. *See Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). When a party brings a suit and the claims raised or that could have been raised are adjudicated, a subsequent suit(s) between the same parties raising the same claims is precluded. *Id.* Those are the facts here. The plaintiff brought suit against Freddie Mac, among others, in 2006 and 2007, raising claims that Freddie Mac, and/or others, wrongfully foreclosed on her home and further proceeded to evict her from the property. Those issues have been adjudicated by state and federal courts adverse to the plaintiff. The case at bar

seeks to raise again those or related issues. Because the issues and parties[1] are the same in both suits, the plaintiff's suit is barred. Therefore, summary judgment is appropriate because no disputed fact issues remain unadjudicated. *See* Fed. R. Civ. P. 56(c); *Eversley*, 843 F.2d at 174.

IT IS ORDERED that summary judgment should be and, it is hereby, GRANTED.

SIGNED at Houston, Texas this 27th day of September, 2012.

_____
Kenneth M. Hoyt
United States District Judge

---

[1] The defendant Ernie Flores never responded to the plaintiff's suit. However, no plausible claim has been stated or could be stated against him in light of earlier judgments adverse to the plaintiff. Therefore, the plaintiff's suit against Flores is **dismissed with prejudice**.